# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1673

_____

United States of America,  *
                            *
    Plaintiff - Appellee,    *
                            *    Appeal from the United States
v.                          *    District Court for the
                            *    Western District of Missouri.
Edwin F. Clay,              *
                            *        **[UNPUBLISHED]**
    Defendant - Appellant.   *

_____

Submitted:  September 21, 1998
    Filed:  December 1, 1998

_____

Before LOKEN, LAY, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Edwin F. Clay appeals his conviction for armed robbery of the Federal Employees Credit Union in Kansas City in violation of 18 U.S.C. § 2113(a) and (d). Clay raises three issues on appeal. We affirm.

First, Clay argues the district court[1] erred in denying his motion for a mistrial. Prior to trial, the prosecution advised that it would not seek to admit Clay's prior bank

_____

[1]The HONORABLE NANETTE K. LAUGHREY, United States District Judge for the Western District of Missouri.

robbery conviction into evidence (unless Clay testified) and would instruct its witnesses "not to make any inferences or suggestions about a prior conviction." At the start of the second day of the two-day trial, the government called the other bank robber, William Hazen, who described Clay's role in planning and executing the robbery. During the preliminary portion of Hazen's rather lengthy testimony, the following exchange occurred:

> Q. In your conversations with [Clay], did he tell you where he had been living before moving to Restart in February of '97?
>
> A. He mentioned that he lived in Chicago for a period of time, and he had friends in St. Louis; *and that he had been in jail quite a bit.*

(Emphasis added.) Clay immediately moved for a mistrial. The district court denied the motion, confirmed that Clay was not requesting a cautionary instruction to the jury, and then granted a brief recess so that Hazen could consult with his attorney. Immediately after the recess, the court instructed the jury to "disregard the last statement that was made by Mr. Hazen." Clay argues the district court abused its discretion by giving a belated cautionary instruction instead of granting a mistrial because Hazen's testimony that Clay "had been in jail quite a bit" was necessarily construed by the jury as a highly prejudicial reference to a prior conviction. We disagree. As the district court noted in denying the mistrial motion, "[b]eing in jail does not necessarily mean that he was convicted of a crime." After careful review of the trial record, we do not believe Hazen's unanticipated statement could have substantially swayed the jury's verdict despite the district court's cautionary instruction. See United States v. Maza, 93 F.3d 1390, 1397 (8th Cir. 1996) (standard of review), cert. denied, 117 S. Ct. 1345 (1997). Accordingly, the court did not abuse its broad discretion in denying Clay's motion for a mistrial.

Second, Clay argues that his in-court identification by four bank tellers was improperly suggestive because the tellers had limited opportunities to see Clay during the two-minute bank robbery, because the tellers were no doubt influenced by a photo array they were shown shortly before trial, and because the district court declined Clay's request to seat him somewhere other than the defense table during the in-court identifications. All four tellers made positive in-court identifications of Clay as the unmasked robber who shocked teller Stacey Crail with a stun gun and then took money from teller Carrie Moffett's desk drawer and from the bank vault. Each teller described for the jury her opportunity to identify Clay as the robber in question. We conclude the in-court identification procedures were not impermissibly suggestive and did not create a substantial likelihood of irreparable misidentification. See United States v. Davis, 103 F.3d 660, 670-71 (8th Cir. 1996) (standard of review), cert. denied, 117 S. Ct. 2424 (1997).

Finally, Clay argues the district court erred in refusing to strike for cause seven prospective jurors who had accounts at the Federal Employees Credit Union. This contention cannot be grounds for reversal because none of the seven served on the trial jury. Clay makes no claim the jury that heard the case was biased. See United States v. Horsman, 114 F.3d 822, 825 (8th Cir. 1997), cert. denied, 118 S. Ct. 702 (1998).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-